PROB 12B  
(7/93)

Report Date: November 17, 2009

# United States District Court

for the

## Eastern District of Washington

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

| | |
|---|---|
| Name of Offender: Richard Lee Eckman | Case Number: 2:03CR00009-001 |
| Name of Sentencing Judicial Officer: The Honorable Fred Van Sickle, Senior U.S. District Judge | |
| Date of Original Sentence: 7/1/2003 | Type of Supervision: Supervised Release |
| Original Offense: Receipt of Child Pornography, 18 U.S.C. § 2252(a)(2); Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B); Forfeiture, 18 U.S.C. § 2253(a)(3) | Date Supervision Commenced: 01/29/2008 |
| Original Sentence: Prison - 60 Months; TSR - 60 Months | Date Supervision Expires: 01/28/2013 |

**PETITIONING THE COURT**

To modify the conditions of supervision as follows:

24   You shall not possess or use any computer; except that you may, with the advance approval of the supervising officer, use a computer in connection with authorized employment.

**CAUSE**

On July 7, 2008, February 9, October 20, November 2, and November 12, 2009, Richard Eckman submitted to polygraph examinations as part of his sex offender therapy. The test results reflected signs of deception and/or significant response to relevant questions concerning any unreported direct contact with minor children; contact with minor children that was not incidental; viewing pornographic materials by Mr. Eckman to include searching the Internet for child pornography by computer. On November 5, 2009, the undersigned officer interviewed Mr. Eckman at the U.S. Probation Office, at which time concerns regarding the polygraph examinations were discussed. The offender admitted to conducting an Internet search with the intent to locate child pornography approximately 3 weeks ago. In elaborating, Mr. Eckman stated he tried to access a "porn" site to, "see how I would react...." Richard Eckman claims he needed to know if the Internet site (Z-Boy) still existed. Richard Eckman denied actually accessing and viewing pornographic material. According to the offender, the site no longer contained pornographic material. The undersigned questioned Mr. Eckman as to why he denied attempting to access pornography via the Internet. The offender stated, "I could not admit to myself that I had done that....." When asked what "that" means, the offender stated, "searched the Internet for porn." It is noted, that Matt Elvin, Deputy Chief U.S. Probation Officer, and the undersigned searched the site (Z-Boy) and did not observe any pornographic material.

Prob 12B
**Re:  Eckman, Richard Lee**
**November 17, 2009**
**Page 2**

Based on collateral contact with Ed Averett, sex offender therapist, and the offender, the undersigned does not believe he has contacted minors alone while under supervised release supervision.  Please refer to the petition submitted to the Court dated November 7, 2008, relative to incidental contact with minors while under supervision.

Mr. Eckman was directed to cease and desist all Internet activity until further instructed.  He was also directed not to patronize any establishments where free Internet access is available.

On November 5 and 16, 2009, the undersigned contacted Richard Eckman's sex offender therapist, Ed Averett.  Concerns regarding the polygraph examinations were discussed, as well as the offender's current progress.  It was determined that the above-mentioned special condition is needed to limit the potential risk to those in the community.  Recent contact with the offender and treatment provider suggest the above-mentioned modification is appropriate.

It is respectfully recommended that the attached waiver of hearing to modify conditions of supervision be adopted requiring Richard Eckman to not possess or use any computer; except that he may, with the advanced approval of the supervising officer, use a computer in connection with authorized employment.  It is also noted, the offender will be required to pay for all subsequent polygraph examinations effective December 2009.

It is hoped that the action taken meets the expectations of the Court.  Please advise the undersigned officer should Your Honor require a different course of action or a Court appearance by the offender.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   11/17/2009

s/Tommy Rosser

Tommy Rosser
U.S. Probation Officer

THE COURT ORDERS

[  ]   No Action
[  ]   The Extension of Supervision as Noted Above
[ x]   The Modification of Conditions as Noted Above
[  ]   Other

s/ Fred Van Sickle

Signature of Judicial Officer

Date