PROB 12B  
(7/93)

Report Date: September 23, 2010

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 2 3 2010

JAMES R LARSEN, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Richard Lee Eckman                 Case Number: 2:03CR00009-001

Name of Sentencing Judicial Officer: The Honorable Fred Van Sickle, Senior U.S. District Judge

Date of Original Sentence: 7/1/2003                  Type of Supervision: Supervised Release

Original Offense: Receipt of Child Pornography, 18 U.S.C. § 2252(a)(2); Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B); Forfeiture, 18 U.S.C. § 2253(a)(3)

Date Supervision Commenced: 01/29/2008

Original Sentence: Prison - 60 Months; TSR - 60 Months

Date Supervision Expires: 01/28/2013

---

### PETITIONING THE COURT

To modify the conditions of supervision as follows:

25   You shall be prohibited from accessing cable channels, for the purpose of, and/or possessing movies and other media forms which are designated Restricted or for Mature audiences.

### CAUSE

Richard Eckman violated conditions of his supervised release by failing to actively participate and successfully complete an approved-state certified sex offender treatment program contrary to special condition #7: "You shall follow all lifestyle restrictions and treatment requirements of the program. You shall participate in special testing in the form of polygraphs and plethysmographs, in order to measure compliance with the treatment requirements. You shall allow reciprocal release of information between the supervising probation officer and the treatment provider. You shall pay for treatment and testing according to your ability."

On September 9, 2010, the U.S. Probation Office in Spokane, Washington, received notice that the above-referenced offender participated in a polygraph examination on September 7, 2010. The examiner advised that it was her professional opinion that Mr. Eckman showed significant response to relevant question #3; "Since May 24, 2010, have you viewed x-rated pornographic material?" The offender answered "no."

According to the above-referenced report, Richard Eckman was made aware of the results relevant to question #3 and provided an explanation. In elaborating, he stated again that he has not viewed any form of pornographic material that is x-rated. He reports reviewing a program, International Sexy Ladies Show, that he describes as comedians making comments about women. He provided an example of a Japanese show depicting a woman eating ice cream that is melting down the front of her bikini-clad body, at which time a blindfolded male contestant is to find, with his nose, a hidden heart-shaped paper on her body.

Prob 12B
**Re: Eckman, Richard Lee**
**September 23, 2010**
**Page 2**

Richard Eckman has participated in nine polygraph examinations, three of which were re-tests due to his inability to answer relevant questions truthfully.

On September 20, 2010, Richard Eckman was summoned to the U.S. Probation Office to participate in an intervention meeting to address the above-mentioned test results. Ed Averett, Certified Sex Offender Treatment Provider, also participated in the meeting. When questioned about the polygraph examination results, Mr. Eckman denied viewing pornographic material. He did admit to accessing, via On Demand, a program named Bikini Blitz and another, via G 4 Television, referred to as International Sexy Ladies. The offender also confirmed that he thinks of pornographic images when asked questions during his polygraph exams i.e., magazines he possessed in prison, images of nude women and children. During the in-office meeting, Ed Averett asked Mr. Eckman if he relates pornography to children? Richard Eckman answered in the affirmative.

**Probation Officer Action:**

As an intermediate sanction, the offender was directed to cease and desist all viewing and/or possessing of restricted or mature audience movies and other media forms until the matter has been addressed by the Court.

Richard Eckman was asked whether he would waive his right to a hearing and agree to the modification as noted. Initially, the offender stated that he would rather wait until after he participated in yet another polygraph exam before signing the modification. The undersigned officer advised the offender that he is not required to waive his right to a hearing before the Court and that he should consult an attorney if he has any misgivings specific to the request. At that time, Mr. Eckman insisted that he would like to sign the above-mentioned waiver and agreed to the modification. The undersigned officer declined his request to sign and invited him to consult an attorney relative to this matter. Mr. Eckman stated that he did not intend to consult an attorney and planned to wait for instruction to return to the office in order to sign the waiver of hearing.

As indicated by the enclosed waiver of hearing to modify conditions of supervised release, Mr. Eckman agreed to the proposed modification.

The undersigned officer is not optimistic that the offender will abide by the conditions of supervision as ordered by the Court. Richard Eckman has given no indication that he will cease viewing material that is considered arousing and depicts sexually explicit conduct. Mr. Eckman will be subjected to another polygraph examination in October 2010, in an effort to verify his level of compliance.

It is respectfully recommended that the Court adopt the attached waiver of hearing to modify conditions of release as listed above. It is hoped the intermediate sanction imposed meets with the expectations of the Court. Please advise should Your Honor require a different course of action or a Court appearance by the offender.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 09/23/2010

s/Tommy Rosser

Tommy Rosser
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Extension of Supervision as Noted Above
[X]   The Modification of Conditions as Noted Above
[ ]   Other

*Fred Van Sickle*
Signature of Judicial Officer

*September 23, 2010*
Date

Prob 12B
Re: Eckman, Richard Lee
September 23, 2010
Page 4

❊PROB 49
(3/89)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 23 2010

JAMES R LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

# United States District Court

### Eastern District of Washington

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

25    You shall be prohibited from accessing cable channels, for the purpose of, and/or possessing movies and other media forms which are designated Restricted or for Mature audiences.

Witness: _____
Tommy Rosser
U.S. Probation Officer

Signed: _____
Richard Lee Eckman
Probationer or Supervised Releasee

_____9-23-10_____
Date